## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **JASON KIM AND YOON YOUNG KIM** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **JANE DOE AKA "CUCKOOBOB2" AKA** | § | |
| **"CUCKOOBOB2.INC" AKA** | § | |
| **"CUCKOOBOB3" AKA "CUCKOOBOB4"** | § | |
| **AKA "CUCKOOBOB218" AKA** | § | |
| **"CUCHENBOB218"** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

Plaintiffs Jason Kim ("Mr. Kim") and Yoon Young Kim ("Mrs. Kim," and, collectively, "Plaintiffs"), by and through undersigned counsel, file this Complaint against Defendant Jane Doe, an anonymous individual who, upon information and belief as specified below, used and/or is using the screen names "cuckoobob2," "cuckoobob2.inc," "cuckoobob3," "cuckoobob4," "cuckoobob218," and "cuchenbob218" on the Internet ("Defendant"), and, in support thereof, state as follows:

### Parties

1.      Plaintiffs are husband and wife currently residing at times in the Republic of Singapore, and, at times, the State of New Jersey.

2.      Defendant, upon information and belief, is a natural person whose identity is not definitely known by the Plaintiffs.  Upon information and belief, however, Defendant resides and/or is domiciled in the State of Minnesota.  In addition to the various Internet postings (as specified below) that published numerous defamatory statements, postings by the same

Instagram user names also refer to correspondence that had only been sent to person(s) in Minnesota,[1] cited to facts only shared with person(s) in Minnesota, and used the hashtag #Minnesota.[2]  These factors lead to the belief that the Defendant resides and/or is domiciled in the State of Minnesota.

## Jurisdiction and Venue

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiffs, on the one hand, and Defendant, on the other hand, are citizens of different States, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      This Court may exercise personal jurisdiction over Defendant, because, upon and belief as noted above, Defendant resides and/or is domiciled in the State of Minnesota.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because, upon information and belief, Defendant resides and/or is domiciled in the State of Minnesota, and the defamatory statements specified below that gave rise to the causes of action asserted herein were, upon information and belief, published in the State of Minnesota.

## Facts

I.      **Background**

6.      Mrs. Kim operates a virtual online retail store where she sells women's clothing, apparel and accessories (the "Online Store").

7.      In early 2015, while in the State of Minnesota, Mrs. Kim spoke to various persons, including, upon information and belief, Defendant, who were interested in becoming purchasers

---

[1] Indeed, Defendant posted a picture of this correspondence and noted that it was a letter that s/he had received.  The reference that the recipient of the correspondence was the same person as the publisher of the Instagram statement was subsequently changed to refer to the recipient of the correspondence as a third party.

[2] The use of hashtags is explained more fully below.

who would purchase goods to be sold in the Online Store.  During this time, draft agreements were circulated by Mrs. Kim to those interested in becoming purchasers (the "Agreements").

8.      Defendant began publishing statements about Plaintiffs in postings on Instagram, upon information and belief, in or around October 2015.  Certain postings referred to the Agreements, and, as noted above, a correspondence that had only been sent to person(s) in Minnesota.

9.      Instagram is, among other things, a photo-sharing and social networking service that enables users to post pictures and comments.  Upon information and belief, Instagram currently has over 400 million monthly active users worldwide.  In the postings noted below, Defendant commonly published pictures of Plaintiffs in the same posts in which Defendant published the defamatory statements regarding Plaintiffs.  Indeed, when using the various user names noted above, Defendant associated the user names with pictures of Mrs. Kim so all postings and/or comments published by that user name would show the picture of Mrs. Kim linked to that particular user name.

10.      One feature of Instagram is that users may use what are commonly referred to as "hashtags."  Hashtags are links created by the publisher in postings, which, when clicked, group and display all postings "marked" by that hashtag.  For example, if a person marked several posts with the hashtag "#basketballplayers," a reader could click on, or search for, that hashtag "#basketballplayers" and would be able to view all postings that were marked with that hashtag. In various postings noted below, Defendant commonly used hashtags to make defamatory statements about Plaintiffs.

## II.      The Defamatory Statements

3

11.     Defendant published, among others, the following defamatory statements on Instagram.

12.     On or about December 9, 2015, Defendant, using the screen name "cuckoobob2," published a statement stating "의사쌤이 엉덩이 수술하고 넘나 위험하니깐 두달동안 성관계 갖지 말라고 했어요. 근데 그럴 못참고 클럽가서 원나잇 했어요. 그게 지금의 남편," which, in English, translates to a statement that Mrs. Kim was told not to have sex for two months after her buttocks surgery, that she could not resist, and that she went out and had a one night stand at a club with the person who would later become her husband.  Two subsequent postings on or around December 12, 2015 and on or around December 27, 2015, through the screen names "cuckoobob3" and "cuchenbob218,"[3] made similar statements and referred to that husband as Mr. Kim.  These statements are false, malicious, and outrageous.

13.     On or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "이은정은 숨셋, 넷 요때 호빠 마니다녔는데," which, in English, translates to a statement that Mrs. Kim used to enjoy going to "host bars," which are bars where female patrons may purchase the "services" of "male companions" when she was twenty-three or twenty-four years old.   Defendant, using the screen name "cuchenbob218," published the same statement again on or about December 27, 2015.  Similarly, in a subsequent posting on or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "20 대 초반부터 호빠에 자주감," which, in

---

[3] Upon information and belief, the screen name "cuckoobob218" was changed to "cuchenbob218" by Defendant.

English, translates to a statement that Mrs. Kim frequently went to "host bars" since she was in her 20s. These statements are false, malicious, and outrageous.

14. On or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "르 싸르도 나가서 일함," which, in English, translates to a statement that Mrs. Kim worked at a "hostess bar," which are bars where male patrons may purchase the "services" of "female companions." These statements are false, malicious, and outrageous.

15. On or about December 10, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "성형 열라게 해서 걸레처럼 놀아주다가 캥기는게 많아서 이름바꾸고," which, in English, translates to a statement that Mrs. Kim changed her legal name because she had so many plastic surgeries and slept around like a "whore." This statement is false, malicious, and outrageous.

16. On or about December 10, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "영화배우 ㅅ 모시기랑 … #ons 해줍니다," which, in English, translates to a statement that Mrs. Kim had a one night stand with the actor "S" she met at a club. This statement is false, malicious, and outrageous.

17. On or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "대학때 xx 교수와 그렇고 그런사이라고함. 무릎에 앉아있고 … 봤다고 하는 지인들," which, in English, translates to a statement that Mrs.

Kim dated a professor when she was in college and was spotted sitting on his lap.  This statement is false, malicious, and outrageous.

18.     On or about December 20, 2015, Defendant, using the screen name "cuckoobob4," published a statement stating "클럽에서 옷벗고 춤추다가 아는 지인만나서 어쩔줄 몰라했단," which, in English, translates to a statement that Mrs. Kim danced naked at a club, ran into someone she knew, and "freaked out."   Defendant, using the screen name "cuchenbob218," published the same statement on or about December 27, 2015.   These statements are false, malicious, and outrageous.

19.     On or about December 10, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "결혼했는데 친정집 빚갚아야행," which, in English, translates to a statement that Mrs. Kim's family went into debt to pay for her and Mr. Kim's wedding, and that Mrs. Kim needed to help her family pay this debt.  Similarly, on or about December 10, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "남편이가 돈벌어오라고 시키고 … 친정집 담보잡고 결혼해서 그것도 갚아야해," which, in English, translates to a statement that Mr. Kim forced Mrs. Kim to make money to pay off a mortgage that her family had to get to pay for the wedding.  In the context of other postings, the statements imply that Plaintiffs must commit fraud and tax evasion so that Mrs. Kim can pay this debt.  These statements are false, malicious, and outrageous.

20.     On or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "폭행사건에 휘말리는것으로 유명함," which, in

English, translates to a statement that Mrs. Kim was known for being a party in assault cases and was known to be a gangster. This statement is false, malicious, and outrageous.

21.     On or about December 11, 2015, Defendant, using the screen name "cuckoobob3," published a statement, posting a screen shot of Mr. Kim's LinkedIn[4] profile, which included his name and picture, stating "세금 안내고 마누라 장사시킨다면서," which, in English, translates to a statement that Mr. Kim forced his wife to earn money without paying taxes. This statement is false, malicious, and outrageous.

22.     On or about December 12, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "남표니가 도박 중독자로 유명하다고함," which, in English, translates to a statement that Mr. Kim has a gambling addiction. This statement is false, malicious, and outrageous.

23.     On or about December 11, 2015, Defendant, using the screen name "cuckoobob3," published a statement stating "여기저기에 세금보고 한개도 안한다고 자랑자랑을 그렇게 많이 한답니다," which, in English, translates to a statement that Mrs. Kim bragged about not paying taxes. This statement is false, malicious, and outrageous. Similarly, on or about December 6, 2015, Defendant, using the screen name "cuckoobob2," published a statement stating "갖은방법으로 탈세," which, in English, translates to a statement that Mrs. Kim unlawfully evades taxes in various ways. This statement is false, malicious, and outrageous. Similarly, on or about December 6, 2015, Defendant, using the screen name "cuckoobob2,"

---

[4] LinkedIn is a business-oriented social networking service found at http://www.linkedin.com

published a statement with a picture of Mrs. Kim stating "너야말로 폭리취하고 세금신고 제대로 안하는거 다안다," which, in English, translates to a statement that Mrs. Kim made excessive profits without appropriately reporting taxes.  This statement is false, malicious, and outrageous.

24.     Between approximately December 6, 2015 and the present day, Defendant, using the screen names "cuckoobob2," "cuckoobob2.inc," "cuckoobob3," "cuckoobob4," and "cuchenbob218," published approximately sixty-nine (69) postings that were marked by the hashtags "#사기," "#탈세," "#사기꾼" and/or "#탈세범," which, in English, translate to #fraud, #tax evasion, #fraudster and/or #tax evader, respectively.  As a result, when a reader clicked on or searched for those hashtags, the postings regarding Mr. and/or Mrs. Kim marked by any of those hashtags would appear.  The use of the hashtags in this manner implied that Mr. and/or Mrs. Kim committed fraud and/or tax evasion.  Neither Mr. nor Mrs. Kim committed fraud or tax evasion, and any such implication is false, malicious, and outrageous.

### III.   The Screen Names and Threats

25.     As noted above, Defendant used the above-referenced screen names to publish the aforementioned defamatory statements.   Throughout the relevant time period, Instagram eliminated some of the above-referenced screen names because of the improper content that was being published about Mr. and/or Mrs. Kim using those screen names.[5]   When Instagram eliminated one of the above-referenced screen names, Defendant would create a new screen name and continue publishing defamatory statements.  For example, when Instagram eliminated

---

[5] At present, Instagram has eliminated all of the above-referenced screen names except for "cuchenbob218."

the screen name "cuckoobob3" because of the improper content about Mr. and/or Mrs. Kim,
Defendant created the new screen name "cuckoobob4" to continue posting defamatory
statements.  Defendant intentionally changed and/or created the above-referenced screen names
to continue publishing defamatory statements about Mr. and/or Mrs. Kim and circumvent
Instagram's efforts to prevent improper content from being published.  In various postings,
Defendant referred to screen names being eliminated by Instagram and vowed to continue
publishing the aforementioned content under different screen names.

26.     Throughout the relevant time period, Defendant threatened to continue publishing
statements about Mr. and/or Mrs. Kim unless and/or until Mrs. Kim closed the Online Store.
Additionally, Defendant published and identified a picture of Mr. Kim's father and threatened to
post documents containing the aforementioned defamatory statements throughout the town in
South Korea where Mr. Kim's father resides, and comments appeared to indicate that the same
defamatory statements were going to be viewed at the place of employment of Mr. Kim's father.
Mr. Kim's father is a managing director of one of the largest pharmaceutical companies in the
world.

## COUNT I
## (Defamation Per Se)

27.     Plaintiffs incorporate by reference the allegations of each of the foregoing
paragraphs as if specifically re-alleged herein.

28.     The above-referenced statements published by Defendant, among others, are false,
and these false statements regarding Plaintiffs are actionable statements.

29.     Defendant has published the above-referenced statements, among others, on the
Internet, viewable to at least one third party.

30.     The above-referenced defamatory statements, among others, were unprivileged.

31.     Defendant is at fault for publishing the above-referenced defamatory statements, among others, and was at least negligent in doing so.

32.     The above-referenced defamatory statements, among others:  (a) demonstrate an intent to harm Plaintiffs; (b) were made by Defendant with the knowledge that statements were false or made by Defendant recklessly with regard to whether the statements were true; (c) were made with ill will, improper motive or a design to wantonly injure Plaintiffs; (d) were made with actual malice; and/or (e) were made with common law malice.

33.     The above-referenced defamatory statements, among others, defamed Plaintiffs on their face, were hurtful to Plaintiffs and constitute defamation per se.

## COUNT II
## (Defamation)

34.     Plaintiffs incorporate by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

35.     The above-referenced statements published by Defendant, among others, are false, and these false statements regarding Plaintiffs are actionable statements.

36.     Defendant has published the above-referenced statements, among others, on the Internet, viewable to at least one third party.

37.     The above-referenced defamatory statements, among others, were unprivileged.

38.     Defendant is at fault for publishing the above-referenced defamatory statements, among others, and was at least negligent in doing so.

39.     The above-referenced defamatory statements, among others:  (a) demonstrate an intent to harm Plaintiffs; (b) were made by Defendant with the knowledge that statements were false or made by Defendant recklessly with regard to whether the statements were true; (c) were made with ill will, improper motive or a design to wantonly injure Plaintiffs; (d) with actual malice; and/or (e) with common law malice.

40.     Plaintiffs have suffered actual damages from Defendant's publication of the above-referenced defamatory statements, among others.

## COUNT III
## (Defamation by Implication)

41.     Plaintiffs incorporate by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

42.     The above-referenced statements published by Defendant, among others, carry defamatory meanings when considering surrounding circumstances, including, but not limited to,

comments on the Instagram postings referenced above, that are tantamount to false statements, and these false statements regarding Plaintiffs are actionable statements.

43.     Defendant has published the above-referenced statements, among others, on the Internet, viewable to at least one third party.

44.     The above-referenced defamatory statements, among others, were unprivileged.

45.     Defendant is at fault for publishing the above-referenced defamatory statements, among others, and was at least negligent in doing so.

46.     The above-referenced defamatory statements, among others:  (a) demonstrate an intent to harm Plaintiffs; (b) were made by Defendant with the knowledge that statements were false or made by Defendant recklessly with regard to whether the statements were true; (c) were made with ill will, improper motive or a design to wantonly injure Plaintiffs; (d) with actual malice; and/or (e) with common law malice.

47.     Plaintiffs have suffered actual damages from Defendant's publication of the above-referenced defamatory statements, among others.

## COUNT IV
### (Tortious Interference with Prospective Advantage)

48.     Plaintiffs incorporate by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

49.     Defendant's publication of false and damaging statements were intentional and willful actions, and they were calculated to cause damage to Mrs. Kim in her lawful business.

50.     Mrs. Kim had actual prospective contractual relationships with customers who sought to purchase goods at the Online Store, and Defendant intentionally and wrongfully interfered with those prospective relationships.

51.     As a result of Defendant's interference, Plaintiff has suffered actionable damages.

## COUNT V
### (Declaratory Judgment)

52.     Plaintiffs incorporate by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

53.     As noted above, Defendant wrongfully published false and defamatory statements specified above, among others.

54.     An actual, substantial, and justiciable controversy presently exists between the parties as to whether the above-referenced statements, among others, are false and defamatory.

55.     Because Defendant has placed Plaintiffs' reputation publicly at issue, Plaintiffs are entitled to a declaratory judgment that the Defendant's statements referenced above, among others, are false.

## COUNT VI
### (Preliminary and Permanent Injunction)

56.     Plaintiffs incorporate by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

57.     As noted above, Defendant wrongfully published false and defamatory statements specified above, among others.

58.     Defendant's unlawful conduct has caused and will continue to cause Plaintiffs immediate and irreparable injuries for which there are no other adequate legal remedies.

59.     There exists a strong likelihood that Plaintiffs will succeed on the merits for their above-referenced claims.

60.     The benefits to Plaintiffs in obtaining injunctive relief outweigh the potential harm that Defendant would incur if this Court were to grant the requested injunctive relief.

61.     The public interest is best served by granting the requested injunctions.

62.     Plaintiffs respectfully request a preliminary and permanent injunction:

    a.   Enjoining Defendant from publishing false defamatory statements regarding Plaintiffs, including, but not limited to, those identified above and during the course of these proceedings; and

    b.   Requiring Defendant to remove from Instagram and the Internet all false and defamatory statements regarding Plaintiffs, including, but not limited to, those identified above and during the course of these proceedings, efforts which shall include Defendant requesting that Internet search engines such as Google, Yahoo!, and Bing remove the Uniform Resource Locators ("URLs") containing the unlawful content from their search indices.

## JURY DEMAND

63.     Plaintiffs hereby demand trial by jury and have tendered the requisite fee to the Court.

## Prayer for Relief

WHEREFORE, Plaintiffs pray for judgment as follows against Defendant:

1.     For damages to be proven at trial in excess of the jurisdictional limits of this Court, believed to exceed seventy-five thousand dollars ($75,000.00), to include, but not be limited to, actual damages, economic damages and consequential damages;

2.     For punitive and exemplary damages;

3.     For an order declaring that the above-referenced statements, among others, are false and defamatory;

4.     For a preliminary and permanent injunction:

14

a.   Enjoining Defendant from publishing false defamatory statements regarding Plaintiffs, including, but not limited to, those identified above and during the course of these proceedings; and

b.   Requiring Defendant to remove from Instagram and the Internet all false and defamatory statements regarding Plaintiffs, including, but not limited to, those identified above and during the course of these proceedings, efforts which shall include Defendant requesting that Internet search engines such as Google, Yahoo!, and Bing remove the Uniform Resource Locators ("URLs") containing the unlawful content from their search indices.

5.   For costs of this suit, including attorney's fees;

6.   Pre-judgment and post-judgment interest and costs of court; and

7.   Any other relief that the Court deems just and proper under the circumstances.

Respectfully submitted,


/s/ Seth Leventhal

Seth Leventhal
Leventhal PLLC
Minn. Bar No. 263357
527 Marquette Avenue, South, Suite 2100
Minneapolis, Minnesota 55402-1273
(612) 234 7349
(612) 437 4980 (fax)
seth@leventhalpllc.com

*Attorney for Plaintiffs Jason Kim and Yoon Young Kim*

**Of Counsel:**

Peter K. Hwang, Esq. (*application for pro hac vice admission to be submitted*)
Sung & Hwang LLP
9256 Bendix Road, Suite 109

Columbia, Maryland 21045
(410) 772-2324
(410) 772-2328 (fax)
phwang@sungandhwang.com

4814-4609-6428, v. 3