IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JASON KIM AND YOON YOUNG KIM | § § § |
| Plaintiffs | § § |
| vs. | §  CIVIL ACTION NO. _____ § |
| JANE DOE AKA "CUCKOOBOB2" AKA "CUCKOOBOB2.INC" AKA "CUCKOOBOB3" AKA "CUCKOOBOB4" AKA "CUCKOOBOB218" AKA "CUCHENBOB218" | § § § § § § § |
| Defendant. | § |

**MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Jason Kim ("Mr. Kim") and Yoon Young Kim ("Mrs. Kim," and, collectively, "Plaintiffs"), by and through undersigned counsel, move this Honorable Court for an order permitting limited discovery immediately, and before a Fed. R. Civ. P. 26(f) conference, to ascertain the identity of the Defendant in this action, and in support thereof, state as follows:

**INTRODUCTION AND FACTS**

Plaintiffs filed this instant action asserting, among other things, claims for defamation and tortious interference with prospective advantage. *See* Complaint at ¶¶ 27 – 51. As specified in the Complaint, the claims arise primarily from the publication of false and defamatory statements on Instagram (a popular social-networking application that enables users to post pictures and comments), which, among other things: (1) accused Plaintiffs of committing crimes; (2) charged Plaintiffs with fraud or dishonesty; (3) alleged that Plaintiffs were in financial distress; and (4) asserted Mrs. Kim engaged in certain sexual activities. *See id.* at ¶¶ 12 – 24. These false and defamatory statements were published anonymously by Defendant on

1

Instagram using the screen names "cuckoobob2," "cuckoobob2.inc," "cuckoobob3," "cuckoobob4," "cuckoobob218," and "cuchenbob218."[1] *See id.* The statements were viewable by at least one third party. *See id.* at 29. Plaintiffs need to identify and locate Defendant so that they may effect service of process.

Accordingly, this Motion seeks an order authorizing Plaintiffs to serve subpoenas duces tecum upon Instagram, Inc. and Facebook, Inc., both of which have offices and/or are headquartered in Menlo Park, California, to obtain basic subscriber information to identify and locate Defendant. Instagram, Inc., which is a wholly owned subsidiary of Facebook, Inc., owns and operates the Instagram application. Facebook, Inc. owns and operates the Facebook application, another popular social-networking application. When users sign up for the Instagram service, they must provide certain identifying information and/or their Facebook login username and password.

Instagram requires a subpoena for the release of such subscriber information. *See* Can I Obtain Information About Someone's Instagram Account? | Instagram Help Center, https://help.instagram.com/232762833582105 (last visited Jan. 4, 2016) (stating that "Instagram may provide reasonably available basic subscriber information (not content), if any, only where the requested information is indispensable to a case and not within a party's possession upon personal service of a valid California or federal subpoena.") Instagram's website also states that,

---

[1] As noted in the Complaint, "[t]hroughout the relevant time period, Instagram eliminated some of the above-referenced screen names because of the improper content that was being published about Mr. and/or Mrs. Kim using those screen names. When Instagram eliminated one of the above-referenced screen names, Defendant would create a new screen name and continue publishing defamatory statements. For example, when Instagram eliminated the screen name "cuckoobob3" because of the improper content about Mr. and/or Mrs. Kim, Defendant created the new screen name "cuckoobob4" to continue posting defamatory statements." *Id.* at ¶ 25. The Complaint further notes that, "[a]t present, Instagram has eliminated all of the above-referenced screen names except for 'cuchenbob218.'" *Id.* at fn. 4.

"[g]iven the volume of real-time content on Instagram, some information may only be stored for a short period of time."  Information for Law Enforcement | Instagram Help Center, https://help.instagram.com/494561080557017 (last visited Jan. 4, 2016).  According to its website, Instagram collects, among other things, the following information:

- Username, password and e-mail address when the user registers for an Instagram account;
- Profile information that the user provides for the user's user profile (e.g., first and last name, picture, phone number);
- Log file information, including the user's Internet Protocol ("IP") address; and
- Device identifiers, which uniquely identify the user's mobile device.

Privacy Policy, https://www.instagram.com/about/legal/privacy (last visited Jan. 4, 2016).

Similarly, Facebook requires a subpoena for the release of such subscriber information. *See* May I Obtain Any Account Information or Account Contents Using a Subpoena | Facebook Help Center, https://www.facebook.com/help/133221086752707 (last visited Jan. 4, 2016) (stating that "Facebook may provide basic subscriber information (not content) where the requested information is indispensable to the case, and not within a party's possession upon personal service of a valid federal, California or California domesticated subpoena and after notice to people affected.")  Facebook's website also states that, "[Facebook] stores different categories of data for different time periods, so you may not find all of your data since you joined Facebook. You will not find information or content that you have deleted because this is deleted from Facebook servers."  Accessing Your Facebook Data | Facebook Help Center, https://www.facebook.com/help/405183566203254 (last visited Jan. 4, 2016).  According to its website, Facebook collects, among other things, the following information:

- Internet Protocol ("IP") address information;
- Current address or any past addresses associated with accounts;
- Birthdate;
- Email addresses associated with accounts;

3

- The names associated with accounts;
- Mobile phone numbers associated with accounts, including verified mobile numbers you've added for security purposes; and
- Device identifiers.

*See id.*; *see also* How Do We Respond to Legal Requests or Prevent Harm? | Data Policy, https://www.facebook.com/about/privacy (last visited Jan. 4, 2016).

## ARGUMENT

Under Fed. R. Civ. P. 26(d)(1), a party may ordinarily "not seek discovery from any source before the parties have conferred as required by Rule 26(f). . ." It is well established, however, that Fed. R. Civ. P. 26(d)(1) also empowers a Court to authorize expedited discovery before a Rule 26(f) conference is held. *See id.*; *see also Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 651 (D. Minn. 2002).

This Court has previously determined that such expedited discovery is warranted upon a showing of "good cause." *UnitedHealth Group Inc. v. John Doe*, Case No. 0:09-cv-02274-DWF-RLE, slip op. at 5 (D. Minn. Sep. 2, 2009)[2] (citing *Antioch Co.*, 210 F.R.D. at 651). In *UnitedHealth*, this Court granted the plaintiff's motion for expedited discovery and authorized the issuance of subpoenas upon a website hosting service, an electronic mail provider and a domain name registrar, all of which sought information relating to the identity of the John Doe defendant. *See id.* at 9. According to this Court, "[s]uch expedited discovery has been permitted in order to determine the identity of an unknown Defendant[,]" and this Court's "survey of the relevant cases confirmed . . . that expedited discovery to allow the identity of 'Doe' defendants is routine." *Id.* at 5 (internal quotations and citations omitted). This Court further cited to *UMG Recordings, Inc. v. Doe*, 2008 WL 4104214 at *4 (N.D. Cal., Sept. 3, 2008), in which the court

---

[2] A copy of this order, which is not available on Westlaw or Lexis, is attached hereto as Exhibit 1.

4

stated "[i]n Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP [i.e., Internet Service Provider] will destroy its logs prior to the conference." *Id.* at 6 (citing *UMG Recordings, Inc.*, 2008 WL 4104214 at *4).

While *UnitedHealth* was primarily an infringement case, *see id.* at 3, courts have applied similar principles in finding good cause to warrant expedited discovery to identify unnamed defendants in defamation cases. *See Admarketplace, Inc. v. Tee Support, Inc., et al.*, Case No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 – 3 (S.D.N.Y. Sept. 11, 2013) (permitting subpoenas seeking information to identify the unidentified defendants); *see also Readify, Pty. Ltd. v. Readifyblog*, Case No. CV 12-05357 KAW, 2013 WL 1703982, at *2 (N.D. Cal. April 19, 2013) (permitting subpoena to "Microsoft, Inc., which owns and operates Hotmail, to provide the account information for the "romeo_au@hotmail.com" email address, including the accountholder's first and last name, alternate email addresses (if any), date of birth, phone number, zip code, and Internet Protocol ('IP') address that Defendant used to create the Hotmail email account."); *Ervine v. S.B., et al.*, Case No. 11-C-1187, 2011 WL 867336, at *2 – 3 (N.D. Ill. March 10, 2011) (permitting subpoenas to "website-hosting companies and related third parties to obtain 'information that would tend to identify the Defendant[s] including, but not limited to, the associated name, address, user logs, IP addresses, telephone numbers, and related information.'"); *Allcare Dental Mgmt., LLC v. Zrinyi, et al.*, Case No CV-08-407-S-BLW, 2008 WL 4649131, at *1 (D. Idaho Oct. 20, 2008) (permitting subpoena requesting subscriber information for John Doe defendants from internet service provider)

Similar to the cases noted above, there is good cause in this case to permit expedited discovery, and, specifically, the issuance of two subpoenas to Instagram and Facebook for information relating to the identity of the Defendant in this action. As an initial matter, Plantiffs' Complaint adequately states claims for defamation. "Defamation under Minnesota law requires proof that the alleged defamatory statement (1) was communicated to someone other than the plaintiff, (2) was false, and (3) tended to harm the plaintiff's reputation and lower [the plaintiff] in the estimation of the community." *Thomas v. United Steelworkers Local 1938*, 743 F. 3d 1134, 1142 (8th Cir. 2014). As noted above, Plaintiff's Complaint alleged the publication of false statements on Instagram viewable by at least one third-party, which, among other things: (1) accused Plaintiffs of committing crimes; (2) charged Plaintiffs with fraud or dishonesty; (3) alleged that Plaintiffs were in financial distress; and (4) asserted Mrs. Kim engaged in certain sexual activities. In addition to being false, these statements are defamatory on their face and/or tend to harm the Plaintiffs' reputation. *See El-Ghazzawy v. Berthiaume*, 708 F. Supp. 2d 874, 886 (D. Minn. 2010) (defamatory per se if statements falsely accuse person of crime); *see also Cenveo Corp. v. CelumSolutions Software GMBH & Co.*, 504 F. Supp. 2d 574, 578 (D. Minn. 2007) (defamatory where statement related to financial distress); *Church of Scientology of Minn. V. Minn. State Med. Ass'n Found.*, 264 N.W. 2d 152, 156 (Minn. 1978) (stating that "[s]tatements charging another with fraud or dishonesty are defamatory regardless of the terms in which they are couched"); *Longbehn v. Schoenrock*, 727 N.W. 2d 153, 158 (Minn. Ct. App. 2007) (defamatory per se if statements falsely accuse a person of unchastity).

Additionally, expedited discovery is particularly appropriate in this action because Plaintiffs' need for the identifying information is immediate and there is no other feasible way to identify the Defendant. Indeed, courts have recognized that various internet service providers

typically keep information regarding website activity only for brief periods of time. *UMG Recordings, Inc. v. Does 1-4*, Case No. 06-0652 SBA (EMC), 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006). As noted above, both Instagram's and Facebook's websites similarly indicate that data may only be stored for a short period of time, and that concern is more present here where Instagram has already eliminated all but one of the screen names used by the Defendant. The websites of Instagram and Facebook, as noted above, also clearly indicate that a subpoena is required to obtain subscriber information, and there is no other feasible way to identify who published the defamatory statements other than by requesting subscriber information relating to the screen names that were used. *See UnitedHealth*, slip op. at 6 ("[w]ithout the advantage of Rule 45 Subpeonas, we have more than passing doubt that the identity of the Defendant could feasibly be determined.")

      The language that Plaintiffs will use in the document request and which will be attached to the subpoenas to Instagram and Facebook, attached hereto as Exhibit B, sufficiently and specifically identifies the screen names alleged in the Complaint to have been used by the Defendant and is likely to lead to identifying information about the Defendant. As noted above, Instagram and Facebook stores information about users, including, but not limited to, names, phone numbers, birthdates, e-mail addresses, IP addresses and/or device identifiers, and the attached document request narrowly and specifically seeks such information to identify the Defendant in this matter.

WHEREFORE, Plaintiffs pray that this Court permits them to obtain the discovery requested herein on an expedited basis, and for all other and further relief to which Plaintiffs are entitled.

Dated:  January 4, 2016　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Seth Leventhal
　　　　　　　　　　　　　　　　　　　　Seth Leventhal
　　　　　　　　　　　　　　　　　　　　Leventhal PLLC
　　　　　　　　　　　　　　　　　　　　Minn. Bar No. 263557
　　　　　　　　　　　　　　　　　　　　527 Marquette Avenue, South, Suite 2100
　　　　　　　　　　　　　　　　　　　　Minneapolis, Minnesota 55402-1273
　　　　　　　　　　　　　　　　　　　　(612) 234 7349
　　　　　　　　　　　　　　　　　　　　(612) 437 4980 (fax)
　　　　　　　　　　　　　　　　　　　　seth@leventhalpllc.com

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiffs Jason Kim and Yoon Young Kim*

**Of Counsel:**

Peter K. Hwang, Esq. (*application for pro hac vice admission to be submitted*)
Sung & Hwang LLP
9256 Bendix Road, Suite 109
Columbia, Maryland 21045
(410) 772-2324
(410) 772-2328 (fax)
phwang@sungandhwang.com

4819-5348-0492, v.  1